1 | **KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
2 | ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
3 | mona@kazlg.com
Ali Sadrarhami, Esq. (SBN: 316141)
4 | ali@kazlg.com
245 Fischer Avenue, Unit D1
5 | Costa Mesa, CA 92626
Telephone: (800) 400-6808
6 | Facsimile: (800) 520-5523

7 | *Attorneys for Plaintiff*
Ana Vlad

8 |
 | **UNITED STATES DISTRICT COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **ANA VLAD, individually and on behalf of all others similarly situated,**   |   **Case No.:**
11 |   |   **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**
12 |   |
13 | Plaintiff,   |   1) **CONSUMERU LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, *ET SEQ*.**
14 | v.   |   2) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ*.;**
15 |   |
16 | **MORFOSE USA, INC.,**   |   3) **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500, *ET SEQ*.; NEGLIGENT MISREPRESENTATION; AND**
17 | Defendant.   |
18 |   |   4) **CALIFORNIA SONG-BEVERLY CONSUMER WARRANTY ACT, CAL. CIV. CODE §§ 1790, *ET SEQ*.; AND**
19 |   |
20 |   |   5) **NEGLIGENT MISREPRESENTATION**
21 |   |
22 |   |   **[JURY TRIAL DEMANDED]**
23 |
24 | //
25 | //
26 | //
27 | //
28 | //

- 1 -
CLASS ACTION COMPLAINT

**INTRODUCTION**

1. Plaintiff ANA VLAD ("Plaintiff") brings this Class Action to challenge the deceptive advertising and business practices of defendant, MORFOSE USA, INC. ("Morfose" or "Defendant") with regard to Defendant's unfair, deceptive, false, and misleading, labeling and marketing related to MorFose's hair detangling conditioner, Milk Therapy Milky Two-Phase Conditioner® ("the Product").

2. Defendant claims that "Morfose milky two phase conditioner provides the protection and the care that your hair needs against [*sic*] the heat, sun, sea and enviromental [*sic*] factors which are hostiles of the moisture in the hair."[1]

3. In addition, Defendant claims that the Product is created for dry and brittle hair and "provides excellent protection before and during the heat treatment from the inside to outside of your hair tips ,thanks to amino acids content ,Milk protein prevents hair from losing [*sic*] moistture [*sic*] by trapping it in the hair before and during the heat treatment."[2]

4. Despite these claims concerning hair protection and hair benefits, Defendant's Product contains an ingredient or combination of ingredients that causes significant hair loss and/or scalp irritation. For example, at least one ingredient in the Product, DMDM Hydantoin, is a formaldehyde donor, which means that to work as a preservative and antimicrobial, it releases small levels of formaldehyde throughout the shelf-life of a personal care product or cosmetic product. Formaldehyde is an identified human carcinogen that can cause cancer and other harmful reactions when absorbed into a person's skin. Defendant's use of DMDM Hydantoin as a preservative in the Product is unnecessary because other safer alternatives exist.

---

[1] *See* https://www.morfose.eu/en/sac-bakim/milk-therapy-2-phase-conditioner-400ml/
[2] *See Id.*

5. Defendant omitted warning and failed to adequately disclose to Plaintiff and similarly situated class members that there were safety risks associated with ordinary use of the Product, including increased hair loss, hair damage, excessive shedding, balding, scalp injury, rashes, and skin irritation. In fact, Defendant's website only describes the Product's Key Ingredients as "12 Aminoacids" and "Milk Protein."

6. Consequently, Defendant's actions resulted in several violations of state consumer statutes. Defendant's misrepresentations are not only harmful to consumers, but also allow Defendant to increase its sales, receive profits from Plaintiff and other consumers' purchases of their products, and capture market share from Defendant's competitors.

7. Plaintiff makes these allegations as follows based upon personal knowledge as to Plaintiff's own acts and experiences, and as to all other matters, including investigations conducted by Plaintiff's attorneys.

8. Defendant's labeling, marketing, advertising, and sales of the deceptively misbranded Product constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (2) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*.; (3) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*.; (4) California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790; and (5) negligent misrepresentation.

9. This conduct caused Plaintiff and others similarly situated damages and requires restitution and injunctive relief to remedy and prevent further harm.

10. Unless otherwise indicated, the use of a defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named defendant.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[3] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. § 1332(d).

12. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Orange and in this judicial district. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of the Product in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

13. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and, (ii) many of the acts and transactions giving rise to this action occurred in this district because:

    (a) Defendant is authorized to conduct business in this district;
    (b) Defendant conducts substantial business within this district;
    (c) Defendant is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,
    (d) Defendant's actions resulting in harm to Plaintiff occurred within this district.

---

[3] On information and belief, Defendant sells its Product online throughout the country and has hundreds of reviews of its Product on Amazon alone. Based upon the advertised price of Defendant's Product and their nationwide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

## PARTIES

14. Plaintiff is a natural person residing in the City and County of Orange in the State of California, and is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. §153(39).

15. Defendant is a corporation who is a "person" as defined by 47 U.S.C §153(39) and has a headquarters located at 5604 Airport Boulevard Tampa, Florida 33634.

16. Defendant is a privately-owned company that manufactures, distributes, and sells the Product. Defendant conducts extensive business through internet sales, including its own highly interactive website and other notable websites, such as Amazon.com, and enjoys wide retail distribution at numerous stores within the United States, including California.

## FACTUAL ALLEGATIONS

17. At all times relevant, Defendant made and continues to make the claims and affirmative misrepresentations regarding the Product, which it manufactures, markets, and sells online through its own website and other online retailers, including Amazon.com.

18. Defendant advertised, marketed, packaged, and sold the Product to Plaintiff and other consumers similarly situated throughout the nation with the claims, which are false representation that the Product is safe, provides protection, and is beneficial to consumer's hair.

19. Plaintiff first purchased the Product some time ago after her hairstylist introduced the Product.

20. Although Plaintiff was unsure of the cause at the time, Plaintiff began noticing rashes around her neck and shoulders. Plaintiff went to a dermatologist and was prescribed a topical ointment to treat the rashes.

21. More recently, on or around March 2020, Plaintiff purchased the Product again. After using the Product again, Plaintiff noticed rashes on the skin around her shoulder and neck. Plaintiff also noticed that increased hair loss occurred when

Plaintiff brushed her hair. In addition, Plaintiff's scalp became severely irritated with use of the Product.

22. Sometime after her use of the Product, Plaintiff learned that the Product contained DMDM Hydantoin, the same ingredient that has been linked to causing hair loss and scalp irritation in other similar products.

23. At the time of her purchases of the Product, Plaintiff relied on Defendant's representations on the Product itself and online, as detailed above. Plaintiff believed the Product was safe and beneficial to her hair and would lead to Plaintiff having a healthier scalp and hair.

24. Due to Plaintiff's use of Defendant's Product, Plaintiff began losing unusual amounts of hair, her scalp began to feel extremely irritated, and the skin around her shoulders and neck began to develop rashes.

25. Defendant knew of the ingredients contained in its Product, but continued to represent its Product as being beneficial for the consumer's hair and scalp. Moreover, Defendant did not warn consumers its harmful agreements or about any of these harmful side effects, nor has Defendant recalled the Product.

26. Defendant's misrepresentations regarding the Product caused the Plaintiff and similarly situated consumers nationwide to purchase and use the Product that is unsafe for use and caused Plaintiff and the Class damages.

27. Furthermore, the claims about the Product allows Defendant to gain a market share of the cosmetic industry through misleading and deceptive practices, thus giving it an unfair advantage over its competitors.

28. Despite this, Defendant continues to advertise, market, package, and sell the Product online and on the open market as containing all of the health benefits listed above.

29. On information and belief, Defendant's Product's label, packaging, and advertising materials are prepared and/or approved by Defendant and/or its agents.

CLASS ACTION COMPLAINT

30. Defendant knew, or in the exercise of reasonable care, should have known that its Product's label and advertising materials were misleading, false, and dangerous.

31. As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Product under the false impression that the Product was safe for use and could provide the benefits as advertised. However, the Product did not provide consumers with those benefits Defendant advertised.

32. Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Product under the false impression that the Product would provide the benefits advertised in the claims associated with the use of the Product; however, the Product did not provide the advertised benefits and was unsafe for human use and caused the harmful reaction and skin irritation described above.

33. If Plaintiff had been made aware by Defendant that the Product contained dangerous ingredients that had the risk or tendency to cause harmful or undesirable skin reactions, Plaintiff would not have purchased the Product or paid money for the Product.

34. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations and/or omissions made on Defendant on Product's packaging, labeling and/or website which are available to Plaintiff and other similarly situated consumers throughout the State of California and the United States.

35. As a result of Defendant's false and misleading statements and failure to disclose, Plaintiff and others similarly situated consumers purchased Defendant's Product, and have suffered, and continue to suffer, injury in fact including the loss of money and/or property.

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

36. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff brings this action collectively and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and/or (b)(3).

38. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within the State of California who purchased Defendant's Milk Therapy Milky Two-Phase Conditioner®, or a substantially similar hair product containing DMDM Hydantoin, within the four years prior to the filing of this Complaint.

39. Excluded from the Class is Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Product for the purpose of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

40. **Ascertainability**. The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records of retail and online sales, as well as through public notice.

41. **Numerosity**. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that the Product are sold in large chain retainers, as well as online through Defendant's website, as well as numerous other third-party retailer sites, with thousands of customer reviews, and on that basis, Plaintiff alleges that the putative Class consists of thousands of members.

42. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are

based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

a. Whether the Product as manufactured contained had various negative side effects as described above;

b. Whether the Product was actually advertised as having certain hair benefits and did not disclose that use of the Product or ingredients in the Product would cause harmful reactions or skin irritation;

c. Whether Defendant's claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

d. Whether Defendant knew its claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

e. Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Bus. & Prof. Code §§ 17500, *et seq.*;

f. Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

g. Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

h. Whether Defendant's conduct is a breach of an implied warranty within the meaning of the California Song-Beverly Act California Civil Code §1790, *et seq.*

i. Whether Defendant acted negligently or intentionally in making the representations (or omissions) regarding the Product;

j. Whether the Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

43. **Typicality**.  Plaintiff's claims are typical of the claims of the members of the Class in that the Plaintiff is a member of the Class that the Plaintiff seeks to represent. Similar to members of the putative Class, Plaintiff purchased the Product from Defendant after exposure to the same claims appearing on the Product's label and Defendant's website. Plaintiff also received Product that included the ingredient DMDM Hydantoin which caused harmful reactions and skin irritation. Plaintiff is advancing the same claims and legal theories on behalf of themselves and all absent members of the Class. Defendant has no defenses unique to the Plaintiff.

44. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

45. **Superiority**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs

to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and/or (b)(3).

46. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Product in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

47. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**
**CALIFORNIA CIVIL CODE § 1750, ET SEQ.**

48. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant has engaged and continues to engaged in unfair or deceptive acts or practices prohibited by the California Civil Code §§ 1750, et seq.

50. Plaintiff and the members of the Class are consumers as defined by California Civil Code § 1761(d).

51. Defendant's Product and other substantially similar hair products are goods within the meaning of the CLRA.

52. Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Defendant's products to Plaintiff and the Class:

    a. Defendant falsely represented the Product had characteristics, uses, or benefits that it did not have in violation of Cal. Civ. Code § 1770(a)(5)
    b. Defendant falsely represented the Product was of a particular standard, quality, or grade and was not in violation of Cal. Civ. Code § 1770(a)(7)

53. Plaintiff and members of the Class reasonably relied upon Defendant's representations regarding the quality and attributes of its products.

54. Plaintiff and members of the Class were deceived by Defendant's representations and/or omissions about the quality, characteristics and attributes of its products, including the purported benefits and safety of the Product as expressed on each Product's packaging taken as a whole.

55. Plaintiff and other Class members would not have purchased the Products had they known the true nature of Defendant's Product.

56. Pursuant to Cal. Civ. Code §§ 1782, et seq., concurrent with the filing of this complaint, Plaintiff notified Defendant in writing by certified mail of the particular violations of § 1770 of the CLRA as to the Product and demanded that Defendant cure the problems associated with the Product and give notice to all affected consumers of its intent to do so.

57. Pursuant to California Civil Code § 1780(a), Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law.

58. Pursuant to California Civil Code § 1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of the Defendant with respect to all of the Product.

59. Plaintiff reserves the right to amend the Complaint to seek additional monetary damages under the CLRA if Defendant does not take timely and appropriate corrective action.

**SECOND CAUSE OF ACTION FOR**
**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")**
**BUS. & PROF. CODE §§ 17200, *ET SEQ*.**

60. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

62. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

63. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

**A. "UNLAWFUL" PRONG**

64. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, by marketing, manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq.* and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.*

65. Defendant violated the above-referenced statutes by falsely representing that its Product were beneficial and safe for use, when in fact the Product contained harmful ingredients causing harmful reactions and skin irritation.

66. By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

### B. "UNFAIR" PRONG

67. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

68. Had Plaintiff and the putative class members have been informed that Defendant's Product was causing various negative side effects instead of producing the advertised benefits, Plaintiff and the putative class members would have paid less for them, or would have purchased an entirely different product. In other words, Defendant earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed market competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a price premium for the Product.

### C. "FRAUDULENT" PRONG

69. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely advertising its Product as described above.

70. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG

71. Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, in that consumers are led to believe that Defendant's Product contained safe ingredients which would bring about various hair health benefits, when, in fact, the Product did not and, instead the Product caused harmful reactions including skin irritation.

72. Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising.

73. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendant based on Defendant's unfair, deceptive, or misleading representations.

74. Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendant as a result of Defendant's false representations as set forth on the Product's label and on its website and other third-party retailers as mentioned herein.

75. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute multiple violations of California's UCL. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

76. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

//
//
//
//

**THIRD CAUSE OF ACTION FOR
VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
BUS. & PROF. CODE §§ 17500, *ET SEQ.***

77. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

79. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

80. Defendant states that its Product is a cosmetic hair care product containing safe and natural ingredients with various health and beauty benefits, when, in fact, the Product have ingredients likely to cause various negative side effects as described above.

81. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

82. At all times relevant, Defendant's advertising and promotion of its Product were, and are, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiff and the putative Class members through the misrepresentations described above.

83. Defendant engaged in the false and/or misleading advertising and marketing of its Product, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Product, which Defendant knew, or had reason to know, the Product was causing various negative side effects that were the opposite of what Defendant had advertised online and on its label.

84. Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq.*

85. Had Defendant truthfully advertised that its Product did not bring about the advertised claims, Plaintiff and the putative Class members would not have purchased the Product, would have paid less for the Product, or would have purchased different product from other manufacturers.

86. This false and misleading advertising of the Product by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

87. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Product during the Class Period.

**FOURTH CAUSE OF ACTION**
**CALIFORNIA'S SONG-BEVERLY CONSUMER WARRANTY ACT**
**CAL. CIV. CODE §§ 1790, *ET SEQ*.**

88. Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

89. Plaintiff and Defendant are both "person[s]" as defined under Cal. Civ. Code §1791(b).

90. A "buyer" or "retail buyer" under the Song-Beverly Act is any person who buys a consumer good from a person. Cal. Civ. Code §1791(b). For purposes of this complaint, Plaintiff is a "buyer" or "retail buyer."

91. A "Retail Seller," "Seller" or "Retailer" is any person, partnership, corporation, association, or legal relationship in the business of selling or leasing consumer goods to "retail buyers" or "buyers." Cal. Civ. Code §1791(b). For purposes of this complaint, Defendant is a "retail seller" or "seller," or "retailer"

92. The Song-Beverly Act applies to goods sold in California. Cal. Civ. Code §1792. Here, the product (defined above) was purchased by Plaintiff through Amazon.com while Plaintiff was residing in the County of Orange in the State of California. The product was subsequently delivered by mail to Plaintiff's residence.

93. Under the Song-Beverly Act, every good sold in California is accompanied by the retail seller's implied warranty that the goods are merchantable. Cal. Civ. Code §1792. Thus, the implied warranty of merchantability means that consumer good are fit for the ordinary purpose for which they are used and conform to the promises or affirmations of fact that are contained on the container or label. Cal. Civ. Code §1791.1 (a).

94. Defendant breached the implied warranty of merchantability because the product did not "provide the protection and the care" that Plaintiff's hair needed. Instead, it caused rashes around her hair and neck, irritation to her scalp, and hair loss.

### FIFTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

95. Plaintiff repeats, re-alleges, and incorporates by reference the above allegations as if fully stated herein.

96. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and others similarly situated, through product packaging and advertising materials, that Defendant's Product contained safe ingredients that would bring about various health and beauty benefits to the consumer's hair, including protecting and improving the health of Plaintiff and the Class members' hair .

97. Defendant made these representations knowing, or having reason to know, that its Product contained dangerous ingredients, which caused harmful adverse reactions, including skin irritation.

98. Defendant acted with the intent to induce the public, including Plaintiff and putative Class members, to purchase Defendant's Product.

99. Plaintiff and the Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

100. At all times relevant, Defendant knew or should have known that such representations regarding the Product were not true.

101. As an actual and proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Product and lost money due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the members of the certified Class the following relief against Defendant:

- An order declaring this action be certified as a Class Action and requiring Defendant to bear the costs of notice to the certified Class;
- An order confirming Plaintiff appointed as the Class Representatives;
- An order appointing Plaintiff's attorneys as Class Counsel;
- An order declaring Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;
- An order awarding declaratory and injunctive relief enjoining Defendant from continuing the unlawful, unfair, and/or deceptive practices as set forth herein;
- An Order awarding attorney's fees and costs to Plaintiff and the Class;
- An Order providing for all other such relief as may be just and proper.

## TRIAL BY JURY

102. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: April 6, 2021

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _s/ ABBAS KAZEROUNIAN_
ABBAS KAZEROUNIAN, ESQ.
MONA AMINI, ESQ.
ALI SADRARHAMI, ESQ.

*Attorneys for Plaintiff*

- 19 -
CLASS ACTION COMPLAINT